IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMON VICTORELL SLATER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:16-CV-672-MHT |
| CHAPLAIN ASKEW, *et al.*, | ) ) ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a former inmate incarcerated at the Easterling Correctional Facility, files this 42 U.S.C. § 1983 complaint alleging violations of his religious rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000, *et seq*. Before the court is Plaintiff's request for a preliminary injunction allowing him to grow a beard "longer than the width of his hand" and to "cut the moustache short." Doc. 14. As directed, Defendants have filed a response to Plaintiff's request for a preliminary injunction. Doc. 30. Upon consideration of the request for preliminary injunctive relief and Defendants' response, the court concludes that the request for a preliminary injunction is due to be denied as moot because Plaintiff is no longer in the custody of the Alabama Department of Corrections.

### **I. DISCUSSION**

In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985), for the proposition that "[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a

§ 1983 action fails to present a case or controversy once the inmate has been transferred [or released]'"). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id*. Here, Plaintiff has filed a notice with the court representing that he was released from custody on January 9, 2017. Doc. 38 at 1. As a result, Plaintiff's request for a preliminary injunction is due to be denied as moot.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for a preliminary injunction (Doc. 14) be DENIED as moot;

2. This case be referred back to the undersigned for additional proceedings.

It is further ORDERED that **on or before March 30, 2017**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 16th day of March, 2017.

                                         /s/   Gray M. Borden
                                         UNITED STATES MAGISTRATE JUDGE