IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMON VICTORELL SLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-672-MHT |
| ) | [WO] |
| CHAPLAIN ASKEW, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Plaintiff Demon Slater, an inmate in the custody of the Alabama Department of Corrections when he filed this 42 U.S.C. § 1983 action,[1] claims Defendants violated his First Amendment right to the free exercise of his religion, his right to equal protection, and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by: (1) not allowing him to "grow [his] beard the width of [his] hand or longer"; (2) failing to allow Jumu'ah religious services in a similar location to other religious services, rather than outside the facility or in the gym; (3) not providing religious identification cards to inmates; (4) delaying disbursement of religious mail; and (5) denying him the ability to have Shi'a classes and to possess religious materials such as books, a prayer rug, and DVDs.   Named as defendants are Deputy Warden Patrice Richie, Warden Walter Myers, and Chaplain Anthony Askew.   Slater seeks declaratory and injunctive relief for the

---

[1] Since he filed the complaint, Slater has been released from custody.

alleged violations of his constitutional rights, any additional relief the court deems proper, and the costs of this proceeding. Docs. 1, 7, 9 & 14.

Defendants filed a special report and supporting evidentiary materials addressing Slater's claims for relief. In these filings, Defendants deny that they acted in violation of Slater's constitutional rights and argue that this case is due to be dismissed because Slater failed to exhaust the administrative remedy available to him before filing these claims. Docs. 29 at 10 & 29-5. Defendants base their exhaustion defense on Slater's failure to submit a request for religious assistance from the Religious Activities Review Committee as permitted by Administrative Regulation No. 461. *See* Doc. 29-5.

Upon receipt of Defendants' special report, the court issued an order on January 6, 2017, providing Slater an opportunity to file a response to the report in which he was specifically directed to address "Defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. Doc. 32 at 1 (footnote omitted). The order advised Slater that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 32 at 3. This order further cautioned Slater that unless "sufficient legal cause" was shown within ten days of entry of the order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion to dismiss, and (2) after considering any response as allowed by this order, rule on the motion in accordance with

the law." Doc. 32 at 3. In response to this order, Slater does not dispute his failure to seek relief from the Religious Activities Review Committee prior to filing his lawsuit. *See* Docs. 34 & 35.

Pursuant to the January 6, 2017 order, the court deems it appropriate to treat Defendants' special report as a motion to dismiss regarding the exhaustion defense. This case is now pending on Defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (affirming that district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II. STANDARD OF REVIEW

### A. Exhaustion

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a

'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

### III. DISCUSSION

Slater challenges actions by Defendants which allegedly have violated his right to equal protection and his religious rights under the First Amendment and RLUIPA. Defendants deny Slater's allegations and maintain that this case is subject to dismissal

because Slater failed to exhaust the administrative remedy provided in the state prison system prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006).  Moreover, "the PLRA exhaustion requirement requires *proper exhaustion*." *Woodford*, 548 U.S. at 93.

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing

> § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation would turn that provision into a largely useless appendage.

*Id.* at 90–93.   And because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id. at* 83–84; *Bryant*, 530 F.3d at 1378 (citation omitted) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that an inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement).   "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. Appx. 81, 83 (11th Cir. 2012).

It is undisputed that the Alabama Department of Corrections provides an administrative remedy for inmate complaints regarding religious matters pursuant to Administrative Regulation No. 461.   The administrative remedy procedure allows an inmate to complete a request for religious assistance and submit the form to the Institutional

Chaplain or Volunteer Chaplain. The Institutional or Volunteer Chaplain reviews the request and determines its validity by conferring with ADOC administrative regulations and Religious Activities Review Committee ("RARC") decisions. The Institutional or Volunteer Chaplain then completes the appropriate section on Administrative Form 461-A (an Inmate Religious Declaration form), and submits the request for the Warden's recommendation. The Warden reviews the request and responds in accordance with established ADOC administrative regulations and returns the form to the Institutional Chaplain. The Institutional Chaplain then forwards the form to the Regional Chaplain who submits the form to the RARC for resolution regarding approval or restriction regarding the request for religious assistance. *See* Doc. 29-5.

The court granted Slater an opportunity to respond to the exhaustion defense raised by Defendants' in their motion to dismiss. *See* Doc. 32. Slater filed a response but his response does not dispute his failure to submit an available administrative remedy addressing his federal claims for relief prior to filing this action. Doc. 34. Without any stated opposition, and on the record before it, the court finds Slater had an available administrative remedy, but he failed to exhaust it. Slater does not dispute his failure to exhaust the administrative remedy procedure regarding his challenges to matters associated with the ability to practice his religion prior to seeking federal relief, a precondition to proceeding in this court on his claims. Defendants' motion to dismiss for failure to exhaust is, therefore, due to be granted. *Woodford*, 548 U.S. at 87–94.

In addition, Slater is no longer incarcerated. The institutional administrative remedy procedure is, therefore, no longer available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Berry v. Keirk*, 366 F.3d 85, 88 (2d Cir. 2004) (holding that an inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss (Doc. 29) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to exhaust an administrative remedy available to him at the Easterling Correctional Facility prior to initiating this cause of action.

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Easterling Correctional Facility.

3. No costs be taxed herein.

It is further ORDERED that **on or before February 13, 2018**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which


a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 30th day of January, 2018.

/s/ Gray M. Borden
_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE